### WYSONG & MILES CO. v. OAKLEY et al.

(Circuit Court, N. D. West Virginia. April 16, 1909.)

PATENTS (§ 328*)—INVENTION—SANDING MACHINE.
> The Welker patent, No. 575,187, for a sanding machine, is void for lack of patentable novelty and invention.
> [Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

In Equity. On final hearing.

C. W. Miles and Church & Church, for complainant.
Merrick & Smith, for defendants.

DAYTON, District Judge. This suit is based upon alleged infringement of letters patent No. 575,187, granted to Louis Welker January 12, 1897, and assigned to complainant company for improvements in sanding machine. The single claim alleged to have been infringed is as follows:

> "3. In a sanding machine the combination of a pulley, a stationary former, a sanding belt extending between said pulley and former, and means for adjusting said former, substantially as set forth."

The defenses relied on, while variously stated, may be epitomized to be a denial of infringement, and a charge that, in view of the condition of the prior art, this Welker patent is void for lack of novelty and patentable invention.

After careful consideration of the case, I am convinced that the latter must prevail, and for these reasons: The operation of a belt upon two or more pulleys is common to mechanics. That these pulleys may or may not have rims to enclose the belt, may or may not be adjustable, or may or may not be capable of being rendered stationary, are functions alike common and well known in mechanics. If two pulleys should be connected by a sanding belt, one stationary and without inclosing rims, the other revolving at such speed as to revolve the belt, the stationary pulley would be as capable of polishing in its circular form as would the former found in the Welker machine. What inventive faculty is required to substitute for this stationary pulley different formers suitable for the different wood curvatures desired to be polished? What greater novelty is involved in having the belt run over two pulleys and a former, the latter stationary, than is involved in having it run over three different pulleys, one of which is stationary? It seems to me to be wholly immaterial whether you call these old and very common devices pulleys or formers, the mechanical operation is the same, and no new or novel principle or new

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

application of old principles is involved such as to warrant a patent monopoly.

I do not think such devices involve patentable novelty at all, but, if I be mistaken in this view, I am reasonably certain every principle of them will be found in the prior Coy patents Nos. 294,766 and 296,535.

It follows that complainants' bill must be dismissed, with costs.