WYSONG & MILES CO. v. STILES FOUNDRY & SUPPLY CO. et al.

(District Court, N. D. West Virginia. March 18, 1915.)

PATENTS ⬥328—INVENTION—ABRASIVE APPARATUS.

The Wysong patent, No. 832,114, for an abrasive apparatus, *held* void for lack of patentable novelty and invention.

In Equity. Suit by the Wysong & Miles Company against the Stiles Foundry & Supply Company and others. On final hearing. Decree for defendants.

C. W. Miles, of Cincinnati, Ohio, for complainant.

Merrick & Smith, Van Winkle & Ambler, and John Marshall, all of Parkersburg, W. Va., for defendants.

DAYTON, District Judge. This suit is brought for the purpose of enjoining alleged infringement of letters patent No. 832,114, for improvements in abrasive apparatus, issued October 2, 1906, to O. C. Wysong, and by him assigned to plaintiff. The claims alleged to be infringed are 1, 4, 6, and 8, as follows:

1. "In a mechanism of the character indicated, a frame, an abrasive belt, belt supporting and propelling pulleys, and a stationary form carried by the frame and advanced beyond the face of the belt-carrying pulleys to form a projecting support for the rear face of the belt opposite the point where the work is applied."

4. "In a mechanism of the character indicated, a frame, an abrasive belt, means for propelling said belt, and a form having a universal adjustment relative to the frame and forming a stationary support for the rear face of the belt at the point where the work is applied."

6. "In a mechanism of the character indicated, a frame, an abrasive belt, means for propelling said belt, a form carried by a shank adjustable relative to the frame, and means for adjusting said form to varying horizontal and vertical angles relative to said shank."

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

8. "In a mechanism of the character indicated, a frame, an abrasive belt, means for propelling said belt, and a form carried by the frame having a face the counterpart of the work to be treated, forming a support for the rear face of the belt opposite the work to cause the belt to conform to the outline of the work."

The defense interposed is denial of infringement, of the validity of the patent under prior art, and of novelty and patentable subject-matter. As to the state of the prior art, patents issued May 10, 1881, No. 241,429, to O. Sawyer, January 27, 1891, No. 445,382, to same, March 11, 1884, No. 294,766, to F. W. Coy, and April 8, 1884, No. 296,535, to same, are cited and relied upon.

In Wysong & Miles Co. v. Oakley et al. (C. C.) 169 Fed. 640, I held the Welker patent, No. 575,187, void for lack of patentable novelty and invention, saying:

"The operation of a belt upon two or more pulleys is common to mechanics. That these pulleys may or may not have rims to inclose the belt, may or may not be adjustable, or may or may not be capable of being rendered stationary, are functions alike common and well known in mechanics. If two pulleys should be connected by a sanding belt, one stationary and without inclosing rims, the other revolving at such speed as to revolve the belt, the stationary pulley would be as capable of polishing in its circular form as would the former found in the Welker machine. What inventive faculty is required to substitute for this stationary pulley different formers suitable for the different wood curvatures desired to be polished? What greater novelty is involved in having the belt run over two pulleys and a former, the latter stationary, than is involved in having it run over three different pulleys, one of which is stationary? It seems to me to be wholly immaterial whether you call these old and very common devices pulleys or formers, the mechanical operation is the same, and no new or novel principle or new application of old principles is involved such as to warrant a patent monopoly. I do not think such devices involve patentable novelty at all, but, if I be mistaken in this view, I am reasonably certain every principle of them will be found in the prior Coy patents, Nos. 294,766 and 296,535."

This decision of mine was affirmed by the Circuit Court of Appeals for this Circuit, 104 C. C. A. 240, 181 Fed. 492. The Welker patent and this later one of Wysong are practically the same, except the Welker one was for a "combination of a pulley, a stationary former, a sanding belt extending between said pulley and former, and means for adjusting said former" by the turning of the former on the bolt or shaft holding it. In the Wysong, the former is held by a clamp upon a slotted arm clamped to the frame by a nut and bolt moving in a slot in the frame so that the arm may be made any length, or presented to the belt at any angle, and, further, the former is adjusted to varying horizontal and vertical angles by journaling on a bolt and the use of a set screw to hold it in place, and then the bolt or frame on which the holder is journaled is attached to the shank by another bolt on which it turns when required. In short, this intermediate pulley or former, as it is called, has become an adjustable one, instead of a stationary one. This is accomplished by very common and long-known mechanical devices, fully forestalled and applied in principle by the Sawyer and Coy patents above referred to. I am therefore of the opinion that this Wysong patent, No. 832,114, is void for lack of patentable novelty and invention.

It follows that complainant's bill must be dismissed.