WYSONG & MILES CO. v. OAKLEY & JANSEN CO. et al.

(District Court, N. D. West Virginia. March 19, 1915.)

PATENTS ⊗⟞328—INVENTION—ABRASIVE APPARATUS.

 The Wysong patent, No. 918,247, for an abrasive apparatus, *held* void for lack of patentable novelty and invention.

In Equity. Suit by the Wysong & Miles Company against the Oakley & Jansen Company and others. On final hearing. Decree for defendants.

C. W. Miles, of Cincinnati, Ohio, for complainant.

Merrick & Smith and W. W. Van Winkle, all of Parkersburg, W. Va., for defendants.

DAYTON, District Judge. This suit is brought to enjoin alleged infringement of patent No. 918,247, for improvements in abrasive apparatus, issued April 13, 1909, to O. C. Wysong, and by him assigned to complainant. The defense made is a denial of infringement of the validity of the patent, in view of prior art, and lack of novelty and patentable subject-matter. Patents No. 241,429, issued to O. Sawyer May 10, 1881, No. 445,382, issued to Sawyer January 27, 1897, No. 294,766, issued to F. W. Coy March 11, 1884, and No. 296,535, issued to Coy April 8, 1884, are relied upon to illustrate the prior art; while No. 927,066, issued July 6, 1909, to D. T. Oakley, is relied on as vesting independent right in defendants to manufacture the machines made by them.

The complainant alleges claim 1 of its patent to be infringed. This claim is as follows:

"In a mechanism of the character indicated, a pair of pulleys, an abrasive belt supported upon and driven by said pulleys, a traveling head carrying one of said pulleys, a rack on said traveling head, a gear in mesh with said rack, mechanism adapted to exert a substantially uniform force on said gear and rack to provide a quick adjustment of said pulley and an automatically yielding tension for said abrasive belt and means independent of said yielding tension to positively lock said traveling head to any desired position."

In Wysong & Miles Co. v. Oakley et al. (C. C.) 169 Fed. 640, affirmed by Circuit Court of Appeals 104 C. C. A. 240, 181 Fed. 492, and in Wysong & Miles Co. v. Stiles Foundry & Supply Co. et al., 221 Fed. 680 (just decided by me), I have made a careful study of the claim made by complainant under the Welker (No. 575,187) and the Wysong (No. 832,114) patents, which it insists secures to it a monopoly in the manufacture and sale of the machines therein described and by it manufactured. The result of this study has led me to conclude that they do not, in view of the condition of the prior art, present patentable novelty and invention and are therefore void. It is apparent from this claim 1 of the patent here in controversy that the sole object to be accomplished by the patented device is the regulation of the tension of the belt automatically in a way, and that this is done by means of the rack and pinion attached to the carriage on which one of the belt pulleys is located, and by a pulley attached to said carriage with

a cord passing over it and a weight on this cord tending to move said carriage, so as to lengthen the belt and thereby increase its tension. The evidence clearly shows these are very simple mechanical devices in common and general use for many years, and even forestalled by the application made by Oakley on June 1, 1907, while this patent of Wysong, although first issued, was not applied for until October 23, 1907. However, in my judgment neither Oakley's patent nor this one present novelty and patentable subject-matter.

The complainant's bill in this cause must therefore be dismissed.